# Exhibit 1

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE<br><br>*Plaintiff*<br><br>v.<br><br>PACIFIC BELL TELEPHONE COMPANY<br><br>*Defendant* | Civil Action No.:  2:21-CV-00073-MCE-JDP |

**NON-PARTY ENVIRONMENTAL DEFENSE FUND'S RESPONSES AND OBJECTIONS TO THE SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Third party Environmental Defense Fund ("EDF"), by and through undersigned counsel, hereby responds and objects to the subpoena (the "Subpoena") served upon it on August 8, 2023 by Defendant Pacific Bell Telephone Company ("Pacific Bell" or "Defendant").

**GENERAL OBJECTIONS**

1.      EDF objects to the Subpoena to the extent that it seeks to impose obligations that exceed the scope of, or are inconsistent with, the requirements of the Federal Rules of Civil Procedure or any orders of this Court.

2.      EDF objects to the Subpoena on the basis that it seeks to impose obligations on a third party that are unduly burdensome, unnecessary and unreasonably expensive.  EDF is a non-profit organization that is entrusted with donor dollars and operates for the public good. Many of the document requests contained in the Subpoena are vague, ambiguous, unreasonably broad and confusing, such that even attempting to search for responsive documents would place an undue and unreasonable burden on EDF's financial and human resources.

3.     EDF objects to the Subpoena based on a good faith belief that it is overbroad and seeks information that is not relevant to any party's claim or defense, nor proportional to the needs of the case. The operative Second Amended Complaint (the "Complaint") was filed on August 20, 2021. The subject matter of the Complaint is environmental contamination attributable to two submarine telecommunications cables that traverse(d) portions of Lake Tahoe, and which apparently were owned and/or operated by Pacific Bell but are no longer operative. (Complaint ¶ 5.) The Complaint does not reference any other cables or locations, nor does it mention EDF or non-parties Marine Taxonomic Services, Ltd and the Wall Street Journal.

4.     EDF objects to the Subpoena to the extent that the terms used therein are vague, undefined and/or ambiguous, and that such terms assume facts not within EDF's knowledge.

5.     EDF objects to the Subpoena to the extent that it seeks information that is unreasonably cumulative or duplicative of other discovery requests, or that may be obtained from some other source that is more convenient, less burdensome and less expensive.

6.     EDF objects to the Subpoena to the extent that it seeks documents and/or information already known to Defendant or available to Defendant in its own files or from public sources.

7.     EDF objects to the Subpoena on the basis that it does not allow a reasonable time to comply. The Subpoena was served on August 8, 2023, and it purports to require a document production within 14 days.  Pacific Bell agreed to extend the response period to 30 days following service, but even that is insufficient in light of the breadth of the Subpoena's requests.

8.     EDF objects to the Subpoena to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, a public reporting privilege and/or any other applicable privilege or immunity.  Nothing herein is intended to be, or in any way

constitutes, a waiver of any applicable privilege or immunity.

9.      EDF objects to the Subpoena to the extent that it is not delimited in temporal scope, and thus purports to require the preservation, collection, review and production of records from the beginning of time until the present.   In this respect, the Subpoena is unnecessarily and unreasonably overbroad and seeks information and documents that are not relevant to any claim or defense.

10.     EDF objects to the Subpoena to the extent it seeks information that is not reasonably accessible to EDF, or within EDF's possession, custody or control.

11.     If EDF is required to respond to the Subpoena, Pacific Bell should be required to reimburse EDF for its time and effort necessary to respond, including the costs of preservation, collection, review and production.

12.     To the extent Pacific Bell persists in its effort to obtain discovery from EDF notwithstanding EDF's objections herein, EDF is prepared to discuss its objections in the context of a mutually convenient meet-and-confer discussion.

## SPECIFIC OBJECTIONS AND RESPONSES

**Request No. 1:**  All Documents and Communications, including pictures and videos, concerning any sections of lead-clad cables removed from Lake Tahoe by You or other persons acting on Your behalf, including but not limited to Marine Taxonomic Services, Ltd., Seth Jones, and Monique Rydel Fortner.

**Objections and Response:**   EDF reasserts and incorporates by reference each of its General Objections. EDF objects to this Request seeking "All Documents and Communications" as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. This Request fails the proportionality test under Rule 26(b) in part because it is not limited to a particular time period that is relevant to the contested issues. Further, this

Request is unduly burdensome because it is not limited to documents that are relevant to this instant action.

EDF is a third-party public interest organization, and while data concerning the two submarine cables at issue may be relevant to this lawsuit, EDF's communications about those (or other) cables are not relevant; in this respect, the Subpoena is overbroad, unduly burdensome, and plainly intended to harass and intimidate EDF into not pursuing its core mission of environmental protection.

Subject to and without waiving the foregoing and its General Objections, EDF responds as follows: EDF will produce non-privileged documents responsive to this Request that are in its current possession, custody, or control and relevant and/or proportional to the needs of the case – if any exist.  This production will include data potentially related to the two submarine cables at issue in this lawsuit, and documents describing the terms and condition of EDF's relationship with Marine Taxonomic Services Ltd. ("MTS"), Seth Jones, and Monique Rydel Fortner.

**Request No. 2:**  All Documents and Communications concerning or discussing permits requested or obtained by You or other persons acting on Your behalf, including but not limited to Marine Taxonomic Services, Ltd., Seth Jones, and Monique Rydel Fortner, to test, cut or remove any sections of lead-clad cables in or from Lake Tahoe.

**Objections and Response:**  EDF reasserts and incorporates by reference each of its General Objections. EDF objects to this Request seeking "All Documents and Communications" as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. This Request fails the proportionality test under Rule 26(b) in part because it is not limited to a particular time period that is relevant to the contested issues. EDF also objects to this Request to the extent that the term "permits" used herein is vague, undefined and/or ambiguous, and assumes facts not within EDF's knowledge. Further, this Request is unduly burdensome because it is not limited to documents that are relevant to this instant action.

EDF is a third-party public interest organization, and while data concerning the two submarine cables at issue may be relevant to this lawsuit, documents and communications reflecting or discussing permits "to test, cut or remove any sections of [such] cables" – to the extent any exist – are not relevant; in this respect, the Subpoena is overbroad, unduly burdensome, and plainly intended to harass and intimidate EDF into not pursuing its core mission of environmental protection.

Subject to and without waiving the foregoing and its General Objections, EDF responds as follows: EDF will produce non-privileged documents responsive to this Request that are in its current possession, custody, or control and relevant and/or proportional to the needs of the case – if any exist.  This production will include any permits "to test, cut or remove" lead-conduit cable from Lake Tahoe, whether or not obtained by or at the request of EDF, if any exist within EDF's possession, custody or control.

**Request No. 3:**  All Documents and Communications, including but not limited to any pictures, videos, or test results, relating to any "kiddie pool" used by You or others acting on Your behalf, including but not limited to Marine Taxonomic Services, Ltd., Seth Jones, and Monique Rydel Fortner, to test lead-clad cables removed from Lake Tahoe or elsewhere.

**Objections and Response:**  EDF reasserts and incorporates by reference each of its General Objections. EDF objects to this Request seeking "All Documents and Communications" as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. EDF additionally objects to this Request to the extent that the term "kiddie pool" used herein is vague, undefined and/or ambiguous, and assumes facts not within EDF's knowledge. This Request fails the proportionality test under Rule 26(b) in part because it is not limited to a particular time period that is relevant to the contested issues. Further, this Request is unduly burdensome because it is not limited to documents that are relevant to this instant action.

EDF is a third-party public interest organization, and while data concerning the two submarine cables at issue may be relevant to this lawsuit, it is unclear what relevance an undefined "kiddie pool" might have; in this respect, the Subpoena is overbroad, unduly burdensome, and plainly intended to harass and intimidate EDF into not pursuing its core mission of environmental protection.

Subject to and without waiving the foregoing and its General Objections, EDF responds as follows: EDF will produce non-privileged documents responsive to this Request that are in its current possession, custody, or control and relevant and/or proportional to the needs of the case – if any exist.

**Request No. 4:** All Documents related to the experience or qualifications of Marine Taxonomic Services, Ltd., Below the Blue, Seth Jones, or Monique Rydel Fortner to perform sampling, testing, or analysis of lead-clad cables in water, soil, or aerial environments.

**Objections and Response:**   EDF reasserts and incorporates by reference each of its General Objections. EDF objects to this Request seeking "All Documents" as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is unduly burdensome because it is not limited to documents that are relevant to this instant action. EDF also objects to this Request because the information is readily available from another source. EDF is not a party to this action. Any documents related to the "experience or qualifications of Marine Taxonomic Services, Ltd., Below the Blue, Seth Jones, or Monique Rydel Fortner to perform sampling, testing, or analysis of lead-clad cables in water, soil, or aerial environments" can be more readily obtained from those entities directly.

Subject to and without waiving the foregoing and its General Objections, EDF responds as follows: To the extent EDF has within its current possession, custody or control any non-privileged documents that were provided to it by Marine Taxonomic Services, Ltd., Below the Blue, Seth

Jones, or Monique Rydel Fortner for the purpose of educating EDF on any of their professional qualifications and experience, EDF will produce such documents.

**Request No. 5:**  All Documents and Communications concerning the Marine Taxonomic Services and Below the Blue Lead Cable Investigation Report, available at https:/ /belowtheblue.org/edf-report (the "EDF Report").

   **Objections and Response:**  EDF reasserts and incorporates by reference each of its General Objections. EDF objects to this Request seeking "All Documents and Communications" as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

   EDF is a third-party public interest organization, and the subject matter of the so-called "EDF Report" is core to its mission; the request that EDF produce not only that document (which the Subpoena acknowledges is available to the public on the internet), but also "[a]ll Documents and Communications *concerning*" that document (emphasis added) is overbroad, unduly burdensome, and plainly intended to harass and intimidate EDF into not pursuing its core mission of environmental protection.  Although some data contained in the "EDF Report" may be relevant to this lawsuit, whatever EDF may have said, thought or done concerning that Report is not relevant.  This Request also is unduly burdensome because it is not limited to documents that are relevant to this instant action.

   Subject to and without waiving the foregoing and its General Objections, EDF responds as follows: EDF will produce a copy of the so-called "EDF Report" in response to the Subpoena, notwithstanding that it is available to the public on the internet.

**Request No. 6:**  All Documents and Communications concerning the method by which sampling locations were selected at Lake Tahoe or other locations referenced in the WSJ Articles, including Documents and Communications relating to the statement in the EDF Report that "[s]ampling locations were chosen in part by their likelihood to show high lead levels."

**Objections and Response:**   EDF reasserts and incorporates by reference each of its General Objections. EDF objects to this Request seeking "All Documents and Communications" as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. EDF further objects to this Request to the extent that the term "sampling locations" used herein is vague, undefined and/or ambiguous, and assumes facts not within EDF's knowledge. This Request fails the proportionality test under Rule 26(b) in part because it is not limited to a particular time period that is relevant to the contested issues. Further, this Request is unduly burdensome because it is not limited to documents that are relevant to this instant action to the extent that the Request relates to "other locations."

EDF is a third-party public interest organization, and while data concerning the two submarine cables at issue may be relevant to this lawsuit, documents and communications concerning the method by which other third parties may have determined sampling locations in Lake Tahoe or elsewhere are not relevant and discoverable from EDF; in this respect, the Subpoena is overbroad, unduly burdensome, and plainly intended to harass and intimidate EDF into not pursuing its core mission of environmental protection.

Subject to and without waiving the foregoing and its General Objections, EDF responds as follows: EDF will produce non-privileged documents responsive to this Request that are in its current possession, custody, or control and relevant and/or proportional to the needs of the case – if any exist.  This production will include documents and communications that describe the manner in which sampling locations in Lake Tahoe were selected, if any exist.

**Request No. 7:**  All Documents related to and Communications between You and any party described or otherwise referenced in the WSJ Articles, or Plaintiff or Plaintiff's counsel in the Lawsuit, concerning or discussing the WSJ Articles, the WSJ Investigation, any testing or analysis of lead-clad cables (including any draft reports) or the Lawsuit, including but not limited to Marine Taxonomic Services, Ltd., Wall Street Journal, Pace Analytical Services, Environmental Systems Research Institute, MCH Strategic Data, Quest Diagnostics, Pure Earth; Environmental Council

of the State, Altec Testing & Engineering, Inc., RTI International, ALTA Environmental Corporation, Seth Jones, Monique Fortner, Jack Caravanos, Tom Neltner, Ben Grumbels, Bruce Nelson, Bryan Stolte, Jennifer Redmon, Braden Allenby, Gordon Binkhorst, James Winn, Dr. Phillip Landrigan, or any "environmental researchers."

**Objections and Response:**   EDF reasserts and incorporates by reference each of its General Objections. EDF objects to this Request seeking "All Documents related to and Communications" as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. This Request is unduly burdensome and fails the proportionality test under Rule 26(b) in part because it is not limited to a particular time period that is relevant to the contested issues, but also because it is not limited to communications with, or even concerning, the parties to this lawsuit and the issues in dispute.

EDF also objects to this Request because some of the information sought is available from another source that is a party to this action. EDF is not a party to this action. Any communications between EDF and Plaintiff California Sport Fishing Alliance can be more readily obtained from such entity itself – California Sport Fishing Alliance, the Plaintiff in this action.

Finally, EDF objects to this Request because it is overbroad and unduly burdensome in that it seeks documents that are protected from disclosure by the attorney-client privilege or the attorney work-product doctrine and/or a public interest reporting privilege.

EDF is a third-party public interest organization, and while data concerning the two submarine cables at issue may be relevant to this lawsuit, EDF's documents and communications concerning lead-clad cables – either generally or specifically – is not relevant.  In this respect, the Subpoena is overbroad, unduly burdensome, and plainly intended to harass and intimidate EDF into not pursuing its core mission of environmental protection.

Subject to and without waiving the foregoing and its General Objections, EDF responds as follows: EDF will produce the data that underlies the so-called "EDF Report."

**Request No. 8:**  All invoices for work performed relating to the Lawsuit, the WSJ Articles, the WSJ Investigation, or lead-clad cables, including but not limited to work performed for any individuals or entities listed in Request No. 7.

    **Objections and Response:**  EDF reasserts and incorporates by reference each of its General Objections. EDF objects to this Request seeking "All invoices relating to the Lawsuit, the WSJ Articles, the WSJ Investigation, or lead-clad cables" as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. This Request is unduly burdensome and fails the proportionality test under Rule 26(b) in part because it is not limited to a particular time period that is relevant to the contested issues, but also because it is not limited to invoices related to the parties to this lawsuit and the issues in dispute. Finally, EDF objects to this Request because it is overbroad and unduly burdensome in that it seeks documents that are protected from disclosure by the attorney-client privilege or the attorney work-product doctrine, and in that it seeks documents that are available from another source that is a party to this litigation.

    EDF is a third-party public interest organization, and while data concerning the two submarine cables at issue may be relevant to this lawsuit, EDF's "invoices for work performed relating to" a multitude of subjects, including "lead-clad cables" generally, is not relevant.  In this respect, the Subpoena is overbroad, unduly burdensome, and plainly intended to harass and intimidate EDF into not pursuing its core mission of environmental protection.

    Subject to and without waiving the foregoing and its General Objections, EDF responds as follows: EDF will produce non-privileged documents responsive to this Request in its current possession, custody, or control that are relevant and/or proportional to the needs of the case.  This production will include invoices submitted between EDF and MTS.

**Request No. 9:**  All Documents and Communications concerning or discussing the Lawsuit, the WSJ Investigation, the WSJ Articles, or lead-clad cables at Lake Tahoe or elsewhere, including research, sampling, testing, data, analysis, drafts, reports, or Studies.

**Objections and Response:** EDF reasserts and incorporates by reference each of its General Objections. EDF objects to this Request seeking "All Documents and Communications" concerning or discussing lead-cables anywhere in the world as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. This Request is unduly burdensome and fails the proportionality test under Rule 26(b) in part because it is not limited to a particular time period that is relevant to the contested issues, but also because it is not limited to lead-cables related to the parties to this lawsuit and the issues in dispute.

EDF objects to this Request because it is overbroad and unduly burdensome in that it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or a public interest reporting privilege, and in that it seeks documents that are available from another source that is a party to this litigation.

EDF is a third-party public interest organization, and while data concerning the two submarine cables at issue may be relevant to this lawsuit, EDF's "Documents and Communications" relating to a multitude of subjects, including "lead-clad cables" generally, is not relevant. In this respect, the Subpoena is overbroad, unduly burdensome, and plainly intended to harass and intimidate EDF into not pursuing its core mission of environmental protection.

Subject to and without waiving the foregoing and its General Objections, EDF responds as follows: EDF will produce the data that underlies the so-called "EDF Report."

**Request No. 10:** All Documents and Communications concerning or discussing any agreement between You and any party relating to the Lawsuit, the WSJ Articles, the WSJ Investigation, or lead clad cables, including Plaintiff or any of Plaintiff's counsel in the Lawsuit and any individuals or entities listed in Request No. 7.

**Objections and Response:** EDF reasserts and incorporates by reference each of its General Objections. EDF objects to this Request seeking "All Documents and Communications" concerning or discussing "any agreement" as overly broad, unduly burdensome and not reasonably

calculated to lead to the discovery of admissible evidence. This Request is unduly burdensome and fails the proportionality test under Rule 26(b) in part because it is not limited to a particular time period that is relevant to the contested issues, but also because it is not limited to the issues and parties in suit; instead, this Request asks EDF to produce a broad swath of documents and communications with *any party*, concerning a matter of public concern.  In this respect, the Request is nearly unbounded.

EDF is a third-party public interest organization, and while data concerning the two submarine cables at issue may be relevant to this lawsuit, EDF's "Documents and Communications" relating to a multitude of subjects, including "lead-clad cables" generally, is not relevant.  In this respect, the Subpoena is overbroad, unduly burdensome, and plainly intended to harass and intimidate EDF into not pursuing its core mission of environmental protection.

EDF also objects to this Request because it seeks communications that can be more readily obtained from California Sport Fishing Alliance, the Plaintiff in this action. Finally, EDF objects to this Request because it is overbroad and unduly burdensome in that it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and/or a public interest reporting privilege.

Subject to and without waiving the foregoing and its General Objections, EDF responds as follows: EDF will produce the data that underlies the so-called "EDF Report."

**Request No. 11:**  All Documents and Communications related to any research, sampling, testing, data, analysis, drafts, reports, or Studies You requested, performed, or collected for or on behalf of the Wall Street Journal or Plaintiff or Plaintiff's counsel in the Lawsuit, relating to lead, the WSJ Investigation, Lake Tahoe, or the Lawsuit.

**Objections and Response:**  EDF reasserts and incorporates by reference each of its General Objections. EDF objects to this Request seeking "All Documents and Communications" as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of

12

admissible evidence. This Request is unduly burdensome and fails the proportionality test under Rule 26(b) in part because it is not limited to a particular time period that is relevant to the contested issues, but also because it is not limited to lead-cables related to the parties to this lawsuit and the issues in dispute. EDF also objects to this Request because the information is available from another source that is a party to this action. Any communications between EDF and Plaintiff can be more readily obtained from California Sport Fishing Alliance, the Plaintiff in this action. Finally, EDF objects to this Request because it is overbroad and unduly burdensome in that it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or a public interest reporting privilege and in that it seeks documents that are available from another source that is a party to this litigation.

EDF is a third-party public interest organization, and while data concerning the two submarine cables at issue may be relevant to this lawsuit, EDF's other "Documents and Communications" are not.  In this respect, the Subpoena is overbroad, unduly burdensome, and plainly intended to harass and intimidate EDF into not pursuing its core mission of environmental protection.

Subject to and without waiving the foregoing and its General Objections, EDF responds as follows: EDF will produce the data that underlies the so-called "EDF Report."

**Request No. 12:**  All Documents or Communications related to statements about AT&T, Inc., any of its subsidiaries, or any current or former telecommunications company referenced in the WSJ Articles.

**Objections and Response:**   EDF reasserts and incorporates by reference each of its General Objections. EDF objects to this Request seeking "All Documents and Communications" as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. This Request is unduly burdensome and fails the proportionality test under Rule 26(b) in part because it is not limited to a particular time period that is relevant to the contested

issues, but also because it is not limited to the parties to this lawsuit and the issues in dispute. Finally, EDF objects to this Request because it is overbroad and unduly burdensome in that it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or a public interest reporting privilege and in that it seeks documents that are available from another source that is a party to this litigation.

EDF is a third-party public interest organization, and its "Documents and Communications" sought by this Request are not relevant to this lawsuit.  In this respect, the Subpoena is overbroad, unduly burdensome, and plainly intended to harass and intimidate EDF into not pursuing its core mission of environmental protection.

**Request No. 13:**  All Documents and Communications exchanged between You and any current or former employee of Defendant or AT&T, Inc. related to lead-clad cables.

**Objections and Response:**   EDF reasserts and incorporates by reference each of its General Objections. EDF objects to this Request seeking "All Documents and Communications" as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. This Request is unduly burdensome and fails the proportionality test under Rule 26(b) in part because it is not limited to a particular time period that is relevant to the contested issues, but also because it is not limited to the parties to this lawsuit and the issues in dispute. Finally, EDF objects to this Request because it is overbroad and unduly burdensome in that it seeks documents that are protected from disclosure by the attorney-client privilege or the attorney work-product doctrine, and in that it seeks documents that are available from another source that is a party to this litigation.

EDF is a third-party public interest organization, and its "Documents and Communications" sought by this Request are not relevant to this lawsuit. In this respect, the Subpoena is overbroad,

unduly burdensome, and plainly intended to harass and intimidate EDF into not pursuing its core mission of environmental protection.

**Request No. 14:**  All Communications between You and any federal, state, or local governmental or regulatory agency related to or otherwise referencing the following:

    (i)       the Lawsuit;
    (ii)     the WSJ Articles;
    (iii)    the WSJ Investigation; or
    (iv)    lead-clad cables, including but not limited to their location, potential removal, environmental impact, or health effects.

    **Objections and Response:**   EDF reasserts and incorporates by reference each of its General Objections. EDF objects to this Request seeking "All Communications" as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. This Request is unduly burdensome and fails the proportionality test under Rule 26(b) in part because it is not limited to a particular time period that is relevant to the contested issues, but also because it is not limited to the parties to this lawsuit and the issues in dispute. Finally, EDF objects to this Request because it is overbroad and unduly burdensome in that it seeks documents that are protected from disclosure by the attorney-client privilege or the attorney work-product doctrine, and in that it seeks documents that are available from another source that is a party to this litigation.

    EDF is a third-party public interest organization, and its "Documents and Communications" sought by this Request are not relevant to this lawsuit. In this respect, the Subpoena is overbroad, unduly burdensome, and plainly intended to harass and intimidate EDF into not pursuing its core mission of environmental protection.

**Request No. 15:**  All Documents or writings of any nature You have disseminated to any News Outlet regarding lead-clad cables.

    **Objections and Response:**   EDF reasserts and incorporates by reference each of its General Objections. EDF objects to this Request seeking "All Documents or writings of any nature" as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence. This Request is unduly burdensome and fails the proportionality test under Rule 26(b) in part because it is not limited to a particular time period that is relevant to the contested issues, but also because it is not limited to the parties to this lawsuit and the issues in dispute. Finally, EDF objects to this Request because it is overbroad and unduly burdensome in that it seeks documents that are protected from disclosure by a public interest reporting privilege.

EDF is a third-party public interest organization, and the materials sought by this Request are not relevant to this lawsuit. In this respect, the Subpoena is overbroad, unduly burdensome, and plainly intended to harass and intimidate EDF into not pursuing its core mission of environmental protection.

**Request No. 16:**  All Documents prepared by You, for the benefit of You, or provided to You concerning any Study, research or investigation on the possible or actual adverse effects of lead-clad cables.

**Objections and Response:**  EDF reasserts and incorporates by reference each of its General Objections. EDF objects to this Request seeking "All Documents" as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. This Request is unduly burdensome and fails the proportionality test under Rule 26(b) in part because it is not limited to a particular time period that is relevant to the contested issues, but also because it is not limited to the parties to this lawsuit and the issues in dispute. Finally, EDF objects to this Request because it is overbroad and unduly burdensome in that it seeks documents that are protected from disclosure by the attorney-client privilege or the attorney work-product doctrine.

EDF is a third-party public interest organization, and the materials sought by this Request are not relevant to this lawsuit. In this respect, the Subpoena is overbroad, unduly burdensome, and plainly intended to harass and intimidate EDF into not pursuing its core mission of environmental protection.

16

**Request No. 17:**  All Documents and Communications relating to Your participation in or funding of any test or Study related to or otherwise concerning lead-clad cables.

 **Objections and Response:**  EDF reasserts and incorporates by reference each of its General Objections. EDF objects to this Request seeking "All Documents and Communications" as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. This Request is unduly burdensome and fails the proportionality test under Rule 26(b) in part because it is not limited to a particular time period that is relevant to the contested issues, but also because it is not limited to the parties to this lawsuit and the issues in dispute. Finally, EDF objects to this Request because it is overbroad and unduly burdensome in that it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or a public interest reporting privilege.

 EDF is a third-party public interest organization, and the materials sought by this Request are not relevant to this lawsuit. In this respect, the Subpoena is overbroad, unduly burdensome, and plainly intended to harass and intimidate EDF into not pursuing its core mission of environmental protection.

DATED:  September 8, 2023

        Respectfully submitted,

        BLANK ROME LLP

        By: _____
        ALAN M. FREEMAN (DC Bar No. 454693)
        1825 Eye Street, NW
        Washington, D.C.  20006
        Tel: (202) 772-5925
        Fax: (202) 572-8370
        Email:  Alan.Freeman@blankrome.com

        NAOMI ZWILLENBERG (*of counsel*)
        One Logan Square
        Philadelphia, PA 19103

Tel: (215) 569-5500
Fax: (215) 834-5426
Email:  Naomi.Zwillenberg@blankrome.com

*Counsel for Environmental Defense Fund*

## CERTIFICATE OF SERVICE

I, Naomi Zwillenberg, hereby certify that on September 8, 2023, a true and correct copy of

the foregoing was electronically mailed to the following counsel of record:

Navi Singh Dhillon
**PAUL HASTINGS LLP**
101 California Street, 48th Floor
San Francisco, California  94111
Telephone:  (415) 856-7000
Fax: (415) 856-7100
navidhillon@paulhastings.com

Deborah Schmall
**PAUL HASTINGS LLP**
101 California Street, 48th Floor
San Francisco, California  94111
Telephone:  (415) 856-7000
Fax: (415) 856-7100
deborahschmall@paulhastings.com

Peter C. Meier
**PAUL HASTINGS LLP**
101 California Street, 48th Floor
San Francisco, California  94111
Telephone:  (415) 856-7000
Fax: (415) 856-7100
petermeier@paulhastings.com

Lucas Grunbaum
**PAUL HASTINGS LLP**
101 California Street, 48th Floor
San Francisco, California  94111
Telephone:  (415) 856-7000
Fax: (415) 856-7100
lucasgrunbaum@paulhastings.com

Robert B. Ellis
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Fax: (312) 862-2200
robert.ellis@kirkland.com

Hariklia Karis
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
Telephone:  (312) 862-2330
Fax: (312) 862-2200
hariklia.karis@kirkland.com

Mark J. Nomellini
**KIRKLAND & ELLIS LLP**
300 North Lasalle St.
Chicago, IL 60654
Telephone: (312) 861-2410
mark.nomellini@kirkland.com

*Attorneys for Defendant PACIFIC BELL*
*TELEPHONE COMPANY*

Brian Darwin Acree
**LAW OFFICE OF BRIAN ACREE**
331 J St.
Suite 200
Sacramento, CA 85286
Tel: (510) 517-5196
brian@brianacree.com

Andrew L. Packard
**LAW OFFICES OF ANDREW L.**
**PACKARD**
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
Fax: (707) 782-4062
andrew@packardlawoffices.com

William N. Carlon
**LAW OFFICES OF ANDREW L. PACKARD**
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
Fax: (707) 782-4062
wncarlon@packardlawoffices.com

William Verick
**KLAMATH ENVIRONMENTAL LAW CENTER**
1125 16th Street, Suite 204
Arcata, CA 95521
Tel: (707) 630-5061
Fax: (707) 630-5064
wverick@igc.org

J. Kirk Boyd
**LAW OFFICE OF JOHN KIRK BOYD**
548 Market St., Suite 1300
San Francisco, CA 94104-5401
Tel: (415) 440-2500
jkb@drjkb.com

*Attorneys for Plaintiff CALIFORNIA SPORTFISHING PROTECTION ALLIANCE*

NAOMI ZWILLENBERG (*of counsel*)
One Logan Square
Philadelphia, PA 19103
Tel: (215) 569-5500
Fax: (215) 834-5426
Email: Naomi.Zwillenberg@blankrome.com

CERTIFICATE OF SERVICE